David S. TAYLOR, Jim Conlin, and Karl Todd, individually, and as representatives of all those similarly situated, Plaintiffs–Appellants,

v.

UNITED TECHNOLOGIES CORPORATION, United Technologies Corporation Pension & Investment Committee, United Technologies Corporation Pension and Administration Committee, Defendants–Appellees.

No. 09–1343–cv.

United States Court of Appeals, Second Circuit.

Dec. 1, 2009.

Michael A. Wolff, Schlichter Bogard & Denton LLP, St. Louis, MO (Jerome J. Schlichter, Jason P. Kelly, Sean E. Soyars, Schlichter Bogard & Denton LLP, St. Louis, MO, on the brief, Stuart B. Katz, Cohen and Wolf PC, Bridgeport, CT, of counsel), for Plaintiffs–Appellants.

Jeffrey G. Huvelle (Thomas L. Cubbage III, Peter A. Swanson, on the brief) Cov-ington & Burling, Washington, D.C., for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges, PAUL A. CROTTY, District Judge.*

## SUMMARY ORDER

Plaintiffs-appellants David Taylor, Jim Conlin, and Karl Todd, individually, and as representatives of those similarly situated (collectively, "plaintiffs"), appeal from an order of the District Court granting summary judgment in favor of defendants-appellees United Technologies Corporation, United Technologies Corporation Pension & Investment Committee, and United Technologies Corporation Pension and Administration Committee (jointly, "defendants"), in plaintiffs' action under the Employment Retirement Income Security Act of 1974 ("ERISA"). Specifically, plaintiffs allege that defendants breached their fiduciary duties pursuant to ERISA with respect to an employee benefit plan. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiffs allege that the District Court erred in concluding that there was no evidence on which plaintiffs could obtain a judgment in their favor. Specifically, plaintiffs maintain that their evidence showed that (1) defendants chose retail mutual funds as investment options for employees without considering the deficiencies of mutual funds for large retirement plans, as compared to alternatives more suited to large retirement plans; (2) defendants' mutual funds deducted from

* The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

participant investments unreasonably high sub-transfer-agent fees for more than the amount due under contract; (3) defendants did not disclose full information about those sub-transfer-agent fees and failed to investigate or otherwise account for the allegedly excessive amount being paid; and (4) defendants operated the employee-stock fund imprudently, causing significant underperformance.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See, e.g., Holcomb v. Iona College,* 521 F.3d 130, 137 (2d Cir.2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n,* 182 F.3d 157, 160 (2d Cir.1999).

We have considered each of plaintiff's arguments on appeal and, substantially for the reasons stated in the District Court's thorough and well-reasoned memorandum of decision dated March 3, 2009, *Taylor v. United Technologies Corp.,* No. 06–cv–1494, 2009 WL 535779 (D.Conn.2009), we find them to be without merit.

### *CONCLUSION*

Accordingly, we AFFIRM the judgment of the District Court.